1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Tonkawa Tribe of Indians of Oklahoma, et al.,

Plaintiffs,

v.

Scientific Games Corporation, et al.,

Defendants.

Case No. 2:20-cv-01637-GMN-BNW

**ORDER**

Before the Court are two motions to seal, ECF Nos. 56 and 65. Neither motion is opposed.

**I.      Legal Standard**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well, as long as the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a non-dispositive motion that

1   are not more than tangentially related to the merits of the case. *Pintos v. Pacific Creditors Ass'n*,

2   605 F.3d 665, 678 (9th Cir. 2010); *Ctr. for Auto Safety*, 809 F.3d at 1101. "Nondispositive

3   motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and,

4   as a result, the public's interest in accessing dispositive materials does 'not apply with equal

5   force' to non-dispositive materials." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at

6   1179).

7        **II.     Plaintiffs' Motion to Seal (ECF No. 56)**

8        Here, Plaintiffs' motion to seal at ECF No. 56 seeks to seal the Declaration of R. Stephen

9   Berry and its exhibits offered in support of Plaintiffs' response to Defendants' motion to compel

10   arbitration. This is related to a non-dispositive motion, and it is not more than tangentially related

11   to the merits of the case. Accordingly, the good cause standard applies to whether these

12   documents (a declaration and leases) should be sealed.

13        Plaintiffs seek to seal these documents because, Plaintiffs suggest, they have some

14   commitment to Defendants to seek to seal them. ECF No. 56 at 2. Plaintiffs state that "Defendants

15   assert that the leases contain their confidential and proprietary information possibly relating to

16   their pricing trends, licensing of intellectual property, etc." *Id.* Plaintiffs further state that the

17   parties have not entered a protective order yet and depending on how Defendants designate these

18   documents once they do, the Court may wish to unseal them. *Id.*

19        Based on the argument provided, the Court does not find good cause exists to seal these

20   documents. It appears that Plaintiffs are operating out of an abundance of caution in seeking to

21   seal Defendants' documents. However, Plaintiffs do not actually assert that the documents

22   contain confidential or proprietary information and explain, specifically, what such sensitive

23   information they contain. Accordingly, the Court will deny ECF No. 56 without prejudice. If

24   Defendants would like these documents sealed, they must file a motion to seal by March 9, 2021

25   explaining, specifically, why good cause exists to seal these documents. If no such motion is

26   filed, the documents will be unsealed.

27

28

**III.     Defendants' Motion to Seal (ECF No. 65)**

Defendants' motion to seal at ECF No. 65 seeks to seal exhibits filed in support of Defendants' response to Plaintiffs' motion for partial summary judgment. These documents are related to a dispositive motion and, therefore, the compelling reason standard applies to whether these documents should be sealed. Defendants seek to seal these documents because they "contain confidential business information on pricing and Defendants' technology that, if released, would harm Defendants' competitive standing." ECF No. 65 at 3.

The Court reviewed the documents at issue and finds that compelling reasons exist to seal them. These documents contain sensitive business information that could be used for an improper purpose if allowed to be in the public record. *See Kamakana*, 447 F.3d at 1179. Accordingly, the Court will grant Defendants' motion to seal (ECF No. 65).

IT IS THEREFORE ORDERED that Plaintiffs' motion to seal (ECF No. 56) is DENIED without prejudice. If Defendants would like these documents sealed, they must file a motion to seal by March 9, 2021 explaining, specifically, why good cause exists to seal these documents. If no such motion is filed, the documents will be unsealed.

IT IS FURTHER ORDERED that Defendants' motion to seal (ECF No. 65) is GRANTED.

DATED: February 16, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE