**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TONKAWA TRIBE OF INDIANS OF OKLAHOMA d/b/a TONKAWA ENTERPRISES; COW CREEK BAND OF UMPQUA TRIBE OF INDIANS; and UMPQUA INDIAN DEVELOPMENT CORPORATION, on behalf of themselves and others similarly situated, | |
| Plaintiffs, | Civil Action No. 1:21-CV-04626 |
| v. | The Honorable Harry D. Leinenweber |
| SCIENTIFIC GAMES CORPORATION, a Nevada corporation; BALLY TECHNOLOGIES, INC., a Nevada corporation; and BALLY GAMING, INC., a Nevada corporation, | |
| Defendants. | |

**JOINT INITIAL STATUS REPORT**

The parties have conferred and jointly submit the following report to assist the Court in preparation for the initial conference to be held on October 12, 2021.

I.    **Nature of the Case**

A.  **Counsel of Record.**

For Plaintiffs

Shannon M. McNulty
Clifford Law Offices, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, IL 60602

Michael F. Lynch (admitted *pro hac vice*)
Lynch Law Practice, PLLC
3613 S. Eastern Ave.
Las Vegas, Nevada 89169

R. Stephen Berry (admitted *pro hac vice*)
Berry Law PLLC
1100 Connecticut Avenue, N.W. Suite 645
Washington, D.C. 20006

Jason H. Kim
Schneider Wallace Cottrell Konecky LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608

Zeke Fletcher
Fletcher Law, PLLC
333 Albert Avenue, Suite 631
Lansing, MI 48823

Gabriel S. Galanda
Anthony S. Broadman
Galanda Broadman PLLC
8603 35th Ave. NE Suite L1
Seattle, WA 98115

Ms. McNulty is a member of the Illinois bar, is admitted to practice in the Northern District of Illinois, and is a member of the trial bar of this Court. Mr. Berry is a member of the District of Columbia bar and is admitted *pro hac vice* to practice in the Northern District of Illinois (Dkt. No. 121). Mr. Schneider is a member of the bar of California. Mr. Lynch is a member of the Nevada bar and is admitted *pro hac vice* to practice in the Northern District of Illinois (Dkt. No. 121). Mr. Fletcher is a member of the Michigan bar. Mr. Galanda and Mr. Broadman are members of the Washington bar.

<u>For Defendants</u>

Craig C. Martin
Matt D. Basil
Sara T. Horton
Aaron J. Hersh
Willkie Farr & Gallagher LLP
300 North LaSalle
Chicago, IL 60654

Matthew S. Freimuth
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019

Messrs. Martin, Basil, and Hersh, and Ms. Horton are members of the Illinois bar and are admitted to practice in the Northern District of Illinois. Mr. Freimuth is admitted *pro hac vice* to practice in the Northern District of Illinois. (Dkt. 12.) Messrs. Martin and Basil, and Ms. Horton are members of the trial bar of this court.

### B. Basis for Jurisdiction.

The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 4, 15, and 26; and 28 U.S.C. §§ 1331 and 1337 because Plaintiffs' claim is for violation of Section 2 of the Sherman Act (15 U.S.C. § 2), which arises under the antitrust laws of the United States, specifically Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15, 26).

### C. Nature of the Claims and Affirmative Defenses.

On September 10, 2021, Defendants moved to deem this case related to the substantially similar case *Giuliano v. Scientific Games Corp.*, No. 1:20-cv-05262 (N.D. Ill.) ("*Giuliano*") and reassign this case to Judge Kness. (*Giuliano*, Dkt. 73.) Plaintiffs in the instant case do not oppose that motion. (*See id.*, Dkt. 76.) The *Giuliano* plaintiffs support Defendants' reassignment motion. (*Id.*, Dkt. 77.) That motion remains pending.

This is a putative class action brought under Sections 2 of the Sherman Act (15 U.S.C. §§

2) and Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15, 26). Plaintiffs assert that Defendants have violated the Sherman Act by monopolizing the market for automatic card shufflers used at casinos through the wrongful enforcement of patents that were allegedly fraudulently procured from the U.S. Patent and Trademark Office ("PTO") against Defendants' competitors and prosecution of sham litigation against Defendants' competitors and would-be competitors. As a result of Defendants' alleged monopoly, Plaintiffs, on behalf of themselves and other similarly situated buyers and lessees of Defendants' card shufflers, allege that they paid supracompetitive prices for these machines.

Plaintiffs filed this action in the District of Nevada on September 3, 2020. (Dkt. 1.) While this case was pending in the District of Nevada, Defendants filed a dispositive motion in that court—a motion to dismiss all claims on the grounds that they are barred by the applicable statute of limitations, or, in the alternative, compel Plaintiffs to arbitrate their claims. (Dkt. 49, the "Motion to Dismiss.") The Motion to Dismiss was fully briefed on December 10, 2020. (*See* Dkt. 49, 54, and 61.)

1. **Plaintiffs' Supplemental Statement on the Nature of the Claims and Affirmative Defenses.**

Plaintiffs filed a Motion for Partial Summary Judgment, which sought to collaterally estop Defendants from litigating the merits of Plaintiffs' antitrust *violation* claims and that motion was fully briefed on January 7, 2021. (*See* Dkt. 50, 63, 67.) This matter, brought against Defendants by purchasers of Defendants' products, is closely related to another action, brought against Defendants by their competitors. *Shuffle Tech International LLC et al. v Scientific Games Corp. et al.,* No. 1:15-cv-3702 (N.D. Ill.) ("*Shuffle Tech Litigation*"). On August 7, 2018 the *Shuffle Tech* Court entered final judgment on a jury verdict against Defendants for $315 million in total to compensate them for their lost profits materially caused by Defendants' monopolization of the

- 4 -

card shuffling relevant market. Under collateral estoppel precedent Plaintiffs contend that this final judgment precludes the Defendants from relitigating the monopolization violation here, and prevents what would be a needless waste of this Court's, the litigants', the jurors', and the public's time and resources. Further, Plaintiffs contend that Defendants' attempt to avoid estoppel by a settlement vacating the judgment it is ineffective under the longstanding law of the Ninth Circuit which controls in this transferee court on this issue.

Given the transfer to this Court, Plaintiffs propose filing a supplemental memorandum on October 29, 2021 contending that the law of the transferor court (the District of Nevada and the Ninth Circuit) controls as to the Defendants' ineffectual effort to vacate the judgment by settlement, Plaintiffs contend that the transfer merely changes the courtroom, not the applicable law of the transferor court governing the attempted vacation of judgment. Defendants contend that Seventh Circuit law controls.

## 2. Defendants' Supplemental Statement on the Nature of the Claims and Affirmative Defenses.

This matter is substantially similar to other matters currently pending before Judge Kness, and, accordingly, this case is pending reassignment pursuant to Defendants' unopposed motion to reassign the case. (*See Giuliano*, Dkt. 73 (Motion To Find *Tonkawa* Related And Assign To This Court).) Regardless, Plaintiffs' claims should be dismissed, or in the alternative, Plaintiffs should be compelled to arbitrate because Plaintiffs are subject to a binding arbitration agreement between the parties. (Dkt. 49, the "Motion to Dismiss.") No discovery should proceed pending resolution of these issues.

On February 9, 2021, Defendants moved to stay discovery pending resolution of the Motion to Dismiss, or, in the alternative, bifurcate discovery. (Dkt. 77.) That same day, Plaintiffs served broad document requests—purportedly focused on class and damages issues—and

Defendants served timely objections to those requests on several grounds, including because the requests were, premature, overbroad, and—given Plaintiffs' arbitration agreements— inappropriate.  (Dkt. 77, 84.)  Plaintiffs moved to compel discovery, and Defendants filed an opposition.  (Dkt. 91, 93.)

On April 23, 2021, the magistrate judge appointed to the case in the District of Nevada, relying upon District of Nevada precedent, entered an order granting in part and denying in part Plaintiffs' motion to compel and denying Defendants' motion to stay discovery.  (Dkt. 96.)  The order required that Defendants amend their responses to Plaintiffs' discovery requests and confer with Plaintiffs regarding any disputes; Defendants did both.  (Dkt. 96, 99, 109.)  The magistrate judge did not order Defendants to produce any documents.  (*Id.*)

On May 10, 2021, Defendants filed an objection to the magistrate's order under Federal Rule of Civil Procedure 72(a) and moved to stay the case while the District Court considered their objection. (Dkt. 98, 99.)  Defendants argued that the magistrate's order was clearly erroneous, unlawful, and effectively denied Defendants' motion to compel arbitration.  (Dkt. 98 at 6–10.) Briefing on Defendants' objection was complete on June 2, 2021 (Dkt. 110, 111), and Plaintiffs moved to compel discovery again on June 8, 2021 (after another conference between the parties). (Dkt. 109.)  The objection to the magistrate judge's order and the Motion to Dismiss were pending before the District of Nevada when that court transferred the case to this Court.  (*See* Dkt. 115.) Thus, while Plaintiffs sought premature and overbroad discovery, no party has produced—or has agreed to produce—any documents, nor has any party scheduled a deposition.  In sum, no discovery has occurred in *Tonkawa*.

Plaintiffs seek briefing on whether Seventh Circuit or Ninth Circuit law applies, particularly with respect to their argument, at summary judgment, that Defendants are collaterally

estopped from litigating the merits of Plaintiffs' claims. Defendants contend that the law is clear that Seventh Circuit law controls, as this case has now been transferred to the Northern District of Illinois. *See McMasters v. United States*, 260 F.3d 814, 819 (7th Cir. 2001) (quoting *In re Korean Air Lines Disaster*, 829 F.2d 1171, 1174 (D.C. Cir. 1987) (R. Ginsburg, J.)) (cleaned up) ("Although the [state] law of the transferor court continues to apply when a diversity case is transferred from one district court to another under § 1404(a), the transferee court is usually 'free to decide [federal issues] in the manner it views as correct without deferring to the interpretation of the transferor circuit.'"); *see also In re Sulfuric Acid Antitrust Litig.*, 743 F. Supp. 2d 827, 854 (N.D. Ill. 2010) ("[T]he Sherman Act is intended to apply uniformly throughout the territorial United States[;] it does not trigger this exception.").

The court in *Shuffle Tech*, in connection with the parties' settlement of that litigation, vacated the final judgment on December 24, 2018. (Dkt. 335.) In vacating the judgment, Judge Kennelly held that "the minute order entering the jury verdict [Dkt. 288], are hereby vacated and stricken and shall have no further force and effect," that "[a]ll pending motions and petitions are denied as moot," and that "[a]ll claims asserted by each of the plaintiffs in this case are hereby dismissed with prejudice, with each party to bear its own attorney's fees and costs." (*Id.*) Under controlling Seventh Circuit precedent, Defendants are not collaterally estopped from litigating the merits of Plaintiffs' antitrust claims because Judge Kennelly vacated the judgment in *Shuffle Tech*. *See, e.g.*, *Pontarelli Limousine, Inc. v. City of Chicago*, 929 F.2d 339, 340 (7th Cir. 1991) ("A vacated judgment has no collateral estoppel or res judicata effect under Illinois law, or any other law.") (cleaned up); *Korczak v. Sedeman*, 427 F.3d 419, 422 (7th Cir. 2005) ("A vacated judgment is not a permissible basis for collateral estoppel."); § 4427 Quality of Judgments Entitled to Res Judicata, 18A Fed. Prac. & Proc. Juris. (3d ed.). Accordingly, Defendants do not believe that

supplemental briefing on choice of law, as Plaintiffs propose, is appropriate or necessary. Defendants propose that it is appropriate and necessary to re-file their motions to dismiss and compel arbitration, with citations to controlling Seventh Circuit precedent, and propose that such motions be filed by October 29, 2021.

**D. Anticipated Factual and Legal Issues.**

**Plaintiffs' Position:**

> **Plaintiffs' Position:**

With regard to Plaintiffs' Sherman Act and class action assertions, the central questions are:

- Whether Defendants are precluded from relitigating whether they monopolized the relevant market under the doctrine of collateral estoppel.

- Whether the proposed national damage class of purchasers of Defendants' relevant automatic card shufflers should be certified.

- Whether the Defendants' alleged fraudulent concealment tolled the statute of limitations for several years.

- Whether Defendants possessed monopoly power in the market for automatic card shufflers in the United States during the Class Period;

- Whether Defendants willfully acquired or maintained monopoly power in the market for automatic card shufflers in the United States during the Class Period;

- Whether Defendants attempted to maintain monopoly power in the market for automatic card shufflers in the United States during the Class Period;

- Whether Defendants used fraudulently obtained patents and/or sham lawsuits against competitors enforcing those patents for the purpose of acquiring and/or maintaining monopoly power;

- Whether Defendants violated Sections 2 and 3 of the Sherman Act (15 U.S.C. §§ 2, 3) as alleged in Plaintiffs' First Claim for Relief;

- Whether Defendants' agents, officers, employees, or representatives were acting within the scope of their authority and in furtherance of Defendants' business interests; and

- Whether, and to what extent, the conduct of Defendants caused injury to Plaintiffs and members of the Class, and, if so, the appropriate measure of damages and/or other relief.

**Defendants' Position:**

With regard to Plaintiffs' Sherman Act, Clayton Act, and class action assertions, the central questions include:

- When Plaintiffs discovered the operative facts that are the basis of their claims;

- When Plaintiffs should have been on notice of the operative facts that are the basis of their claims;

- Whether Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations;

- Whether Plaintiffs unreasonably delayed in bringing the present action;

- Whether Plaintiffs' claims must be arbitrated pursuant to arbitration agreements with Defendants;

- The relevant market for antitrust purposes;

- Whether Defendants possessed monopoly power in a relevant market in the United States during the Class Period;

- Whether Defendants have obtained market power in the alleged relevant market and whether that market power was obtained, maintained, preserved, or enhanced through anticompetitive means during the Class Period;

- Whether the alleged relevant market constitutes an economically cognizable relevant market for purposes of a claim of monopolization under Section 2 of the Sherman Act;

- Whether Plaintiffs can sustain their burden of proving that the patents they allege to have been asserted against alleged competitors of Defendants (the "asserted patents") were fraudulently procured from the United States Patent and Trademark

Office ("PTO");

- Whether Plaintiffs can sustain their burden of proving that Defendants acted with the specific intent to deceive the PTO in obtaining the asserted patents;

- Whether Defendants committed an intentional fraud on the PTO with respect to the asserted patents;

- Whether Defendants knew of and deliberately withheld, with deceptive intent, any prior art reference identified in Plaintiffs' Second Amended Complaint;

- Whether the prior art references allegedly intentionally withheld were material, and known by Defendants to be material, to the patentability of the patent claims asserted by Defendants against alleged competitors of Defendants;

- Whether the allegedly omitted materials were not cumulative to prior art that was before the PTO during prosecution of the asserted patents;

- Whether Defendants affirmatively misrepresented material facts to the PTO to obtain issuance of the asserted patents;

- Whether the PTO would not have issued the asserted patents if it had been aware of the prior art references allegedly intentionally withheld;

- Whether the asserted patents were subsequently enforced against alleged competitors of Defendants in violation of the Sherman Act;

- Whether Plaintiffs can sustain their burden of proving that Defendants' patent infringement litigations against alleged competitors of Defendants were objectively baseless, in that no reasonable litigant could realistically expect success on the merits;

- Whether Plaintiffs can sustain their burden of proving that each of those litigations was filed with knowledge that the asserted patents were invalid, unenforceable, and/or not infringed;

- Whether Plaintiffs can sustain their burden of proving that each of those litigations were subjectively motivated by a desire to impose collateral, anti-competitive injury rather than to obtain a justifiable legal remedy;

- Whether the alleged "sham" litigations were filed with the intent to cause collateral damage to competitors, *e.g.*, as an attempt to interfere with the business relationships of a competitor through the litigation process;

- Whether the asserted sham litigations constituted anticompetitive acts in furtherance of Defendants' monopolization of the alleged relevant market;

- Whether Defendants' actions in prosecuting the asserted patents in the PTO and in

filing and prosecuting the alleged sham lawsuits are not immunized from liability under the *Noerr-Pennington* doctrine;

• Whether Plaintiffs' alleged injury is not due solely to Defendants' legitimate efforts to protect their valid intellectual property interests;

• Whether Plaintiffs suffered antitrust injury, and have standing to bring antitrust claims against the Defendants;

• Whether Defendants wrongly or fraudulently concealed their actions;

• Whether Defendants had the requisite specific intent required for proof of *Walker Process* violations and sham litigation;

• Whether Plaintiffs mitigated their damages;

• Whether the alleged competitors of Defendants could have provided reasonable substitutes for the products Plaintiffs purchased or leased but for Defendants' alleged anticompetitive conduct;

• Whether Plaintiffs can sustain their burden of proving that Plaintiffs were injured because of Defendants' conduct;

• Whether Defendants violated Section 2 of the Sherman Act (15 U.S.C. §§ 2, 3) as alleged in Plaintiffs' Count 1;

• Whether Defendants' agents, officers, employees, or representatives were acting within the scope of their authority and in furtherance of Defendants' business interests;

• Whether, and to what extent, the conduct of Defendants caused injury to Plaintiffs and members of the putative Class, and, if so, the appropriate measure of damages and/or other relief; and

• Whether Plaintiffs are capable of identifying the damages they allegedly suffered with sufficient particularity.

## II.    Settlement, Referrals, and Consent

### A.  Status of Settlement Discussions.

The parties have not engaged in any settlement discussions to date.

### B.  Consent to Proceed Before a Magistrate Judge.

The parties have considered the option of consenting to proceed before a Magistrate Judge,

and they do not believe that consent to proceed before a Magistrate Judge is appropriate for this matter.

## III. <u>Discovery</u>

### A. Plaintiffs' Proposed Discovery Schedule.

| Event | Plaintiffs' Position |
|---|---|
| Amendment to the pleadings | 6 months after ruling on Defendants' Motion to Dismiss |
| Filing of Pltf. Supp. Summary Judgment Memorandum on Choice of Law. *See* I.C. *supra* at 4-5. | October 29, 2021 |
| Completion of Fact Discovery | September 1, 2022 |
| Completion of Def. Production Under Pltf. First Doc. Request, Any Class Depositions and Any Class Discovery Sought by Defendants | November 30, 2021 |
| Class Expert Discovery Completed | 15 days after filing of Pltf. and Def. Initial Expert Repots |
| Disclosure of Parties' Merits Experts and Subject Matter of Testimony | September 19, 2022 |
| Deadline for Filing Motion for Class Certification and Class Report | March 1, 2022 |
| Deadline for Filing of Opposition to Class Motion and Opposition Expert Report | April 1, 2022 |
| Deadline for Class Reply and Reply Expert Report Depositions of All Expert(s) | April 15, 2022 |
| Dispositive Motions Other Than Pending Violation Motion | October 19, 2022 |

| for Summary Judgment and Daubert Motions | |
|---|---|
| Oppositions to Dispositive Motions | November 19, 2022 |
| Replies in Support of Dispositive Motions | December 5, 2022 |

**Plaintiffs' Scheduling Statement.** This matter was filed on September 3, 2020 (Dkt. 1) and thus has been pending over one year without the Court addressing Plaintiffs' violation summary judgment motion filed January 7, 2021. *See* Dkt. 50, 63, 67. This matter, brought against Defendants by purchasers of Defendants' products, is closely related to another action, brought against Defendants by their competitors. *Shuffle Tech International LLC et al. v Scientific Games Corp. et al.,* No. 1:15-cv-3702 (N.D. Ill.) ("*Shuffle Tech Litigation*"). On August 7, 2018 the *Shuffle Tech* Court entered final judgment on a jury verdict against Defendants for $315 million in total to compensate them for their lost profits materially caused by Defendants' monopolization of the card shuffling relevant market. Under collateral estoppel precedent Plaintiffs contend that this final judgment precludes the Defendants from relitigating the monopolization violation here, and prevents what would be a needless waste of this Court's, the litigants', the jurors', and the public's time and resources. Further, Defendants' attempt to avoid estoppel by a settlement vacating the judgment it is ineffective under the longstanding law of the Ninth Circuit controlling in this transferee court.

Plaintiffs ask that the Court address this motion once choice of law briefing (noted above) beginning October 29, 2021 is completed. Should the Court grant estoppel as to the monopolization violation, pretrial preparation would be greatly accelerated and demands on the Court and parties greatly lessened.

Pursuant to the pending Plaintiff Motion to Compel and Magistrate Order compelling

Defendant discovery (*Supra* I. C. at  6), Defendants should be compelled to produce fully discovery in response to Plaintiffs' First Document Request (pending for several months), and the parties conduct any class fact depositions, no later than November 30, 2021. Defendants to date have not made any production nothwithstanding the Magistrate ruling compelling production. Pursuant to the requirement of Fed. R. Civ. P. 23(c)(1)(A) that class certification should be addressed "at an early practicable time" (in a case pending now over a year), completion of this discovery would allow the filing of the class motion as noted on March 1, 2022.

Plaintiffs contend that discovery should not be bifurcated, nor should it be stayed. Plaintiffs have demonstrated in their opposition to the Motion to Dismiss that the class representatives' claims are not subject to arbitration **as a matter of law.**

### B.  Defendants' Proposed Discovery Schedule.

| Event | Defendants' Position |
|---|---|
| Amendment to the pleadings | 6 months after ruling on Defendants' Motion to Dismiss |
| Completion of Fact Discovery | August 19, 2022. See statement below. |
| Disclosure of Parties' Experts and Subject Matter of Testimony | September 19, 2022. See statement below. |
| Deadline for Parties' Initial Report(s) on Class Certification and the Merits | November 18, 2022. See statement below. |
| Deadline for Parties' Rebuttal Expert Reports on Class Certification and the Merits | January 20, 2023. See statement below. |
| Deadline for Depositions of All Expert(s) | March 24, 2023. See statement below. |
| Dispositive Motions: Motion for Class Certification and Motion for Summary Judgment | May 26, 2023. See statement below. |
| Oppositions to Dispositive Motions | June 23, 2023. See statement below. |

| Replies in Support of Dispositive Motions | July 14, 2023. See statement below. |

**Defendants' Scheduling Statement.** As stated above, *see* Section I. I.C.2, Defendants do not believe that supplemental briefing concerning the governing law is necessary or appropriate. It is clear that Seventh Circuit precedent controls each of Plaintiffs' claims, their motion for summary judgment, and Defendants' motions to dismiss and compel arbitration. Nevertheless, if the Court believes that it would benefit from supplemental briefing, Defendants request 30 days from the date Plaintiffs file their motion on choice of law to file their brief in opposition, and further request 15 days to file a sur-reply to any reply brief Plaintiffs might file.

As noted above, Defendants believe discovery should be stayed pending resolution of their motion to dismiss or, in the alternative, to compel arbitration of Plaintiffs' claims. Defendants note that Judge Kness, in similar and parallel proceedings (in which Defendants have filed a motion to deem this case related), has ordered that discovery be stayed while the Court considers similar motions to dismiss and compel arbitration. *See Giuliano*, No. 1:20-cv-05262, Dkt. 57; *Casino Queen Marquette, Inc. v. Scientific Games Corp.*, No. 1:21-cv-01798 (N.D. Ill.), Dkt. 24.

Defendants propose alternative discovery cut-off dates in chart above only to the extent the Court determines discovery should not be stayed and should proceed while the Motion to Dismiss remains pending. Defendants do not believe that it is necessary or appropriate to set a discovery schedule, and that any discovery cut-off dates are unreasonable and inappropriate considering the current status of this case. Defendants' motion to dismiss all of Plaintiffs' claims on statute of limitations grounds remains pending. Likewise, Defendants' motion to compel arbitration remains pending. Setting any discovery schedule at this stage, with Defendants' motions raising threshold issues of timeliness and jurisdiction, would be premature. Plaintiffs' proposed discovery schedule

does not contemplate discovery on the merits of Plaintiffs' claims and focuses instead on class and expert discovery, and assumes that their motion for summary judgment on collateral estoppel grounds will preclude merits discovery. Their suggested discovery schedule is premature and unreasonable. Considering the complexity of the factual and legal issues presented by Plaintiffs' antitrust claims, as well as Defendants' limitations defense (and additional defenses they will likely plead if the Court denies their Motion to Dismiss), discovery in this matter will likely be expansive and costly. Accordingly, discovery should be stayed while Defendants' motions are being considered by the Court. *See, e.g.*, *Coss v. Playtex Prod., LLC*, 2009 WL 1455358, at *1 (N.D. Ill. May 21, 2009); *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008).

If this case proceeds to discovery after the resolution of Defendants' motions to dismiss and to compel arbitration, and Plaintiffs' Motion for Summary Judgment, Defendants also believe there will be a need for bifurcated discovery. If the Court denies Defendants' motions, Defendants propose that the Court order a first stage of discovery on when Plaintiffs first were aware of, or discovered, their antitrust injury giving rise to their claims here. At the close of that stage of discovery, Defendants may seek the Court's leave to file a summary judgment motion on their statute of limitations defense, which could dispose of this matter in its entirety. Defendants propose a second stage of discovery, if necessary, on all remaining issues. Defendants believe that this schedule is more efficient, and would preserve the Court's and parties' resources. Defendants also note that Judge Blakey, who presides over a related case, *TCS John Huxley, et al. v. Scientific Games Corp., et al.*, 19-cv-1846 (N.D. Ill.) ("*TCS*") ordered that discovery in *TCS* proceed on a bifurcated basis. In *TCS*, the parties completed taking discovery as to when the *TCS* plaintiffs learned of their antitrust injury. Defendants moved for summary judgment on their statute of

limitations defense based only the *TCS* plaintiffs' actual knowledge of their injury, which the *TCS* court denied. Defendants note that the decision in *TCS* would not have any impact in this case because Plaintiffs in this case filed their case more than one year after *TCS* was filed and more than five years after *Shuffle Tech* case was filed. The Sherman Act has a four-year statute of limitations and Plaintiffs should have known about their case by 2015, when the *Shuffle Tech* case was filed, at the latest. Additionally, Plaintiffs' relationship with Defendants is fundamentally different from the *TCS* plaintiffs (who are ostensible competitors). Plaintiffs allege that they have been purchasing shufflers from Defendants since April 2009, and that the sham litigations were filed between 2003 and 2012. (Dkt. 25 at 9–10.) Plaintiffs, under their theory of the case (and unlike the *TCS* plaintiffs who were putative competitors), allege a class period dating to 2009, thus covering purchases of shufflers dating back more than ten years.

Defendants believe that a similar bifurcation order will be necessary and appropriate in this case in the event Plaintiffs' claims survive the motion to dismiss.

### C. Depositions.

*See* Section III.D(2) below for more information.

### D. Special Issues.

The parties do not foresee any special issues during discovery.

### E. Proposal for Traditional Discovery and Case Management Plan.

Plaintiffs' proposal is set forth above. Defendants' position is that it is premature to enter any discovery or case management plan while motions to dismiss and to compel arbitration are pending, as set forth above.

### (1) <u>Rule 26(a)(1) Disclosures</u>.

Plaintiffs contend that initial disclosures should be completed by November 30, 2021.

Defendants will be prepared to serve Rule 26(a)(1) disclosures following the entry of an order resolving the motions to dismiss and to compel arbitration, should resolution of those motions not result in the dismissal of Plaintiffs' claims, or at any other such time ordered by the Court.

**(2) General Type of Discovery Needed.**

Until the pending motion to dismiss and Plaintiff motion for violation summary judgment are resolved, the parties are not presently prepared to estimate or agree to the scope of written discovery (interrogatories, document requests, and requests for admission) and deposition discovery. The parties agree to confer following the resolution of these motions as to appropriate limitations on written and deposition discovery. If discovery will be required in this case, parties agree with Plaintiffs that electronically stored information will be requested and produced by all parties.

**(3) Written Discovery.**

Plaintiffs served their First Document Production Request on February 9, 2021.

Defendants do not believe that written discovery is merited at this time, as set forth above.

**(4) Confidentiality Orders.**

The parties have not filed a motion for entry of a confidentiality order. No court has entered a confidentiality order.

**(5) Fact Discovery Completion.**

Plaintiffs propose a fact discovery cut-off date of September 1, 2022

Defendants do not believe that it is presently necessary or appropriate to set a fact discovery cut-off, as set forth above.

**(6) Expert Discovery.**

The parties anticipate expert discovery on many class and merits issues, depending on the Court's resolution of Defendants' pending motion to dismiss and motion to compel arbitration and Plaintiffs' motion for violation summary judgment, including possibly the materiality of any alleged omitted reference; whether any of the litigations identified in Plaintiffs' Second Amended Complaint were objectively baseless; whether Plaintiffs have suffered any antitrust injury directly traceable to Defendants' alleged conduct; Plaintiffs' purported damages; whether Plaintiffs mitigated their damages; the appropriate market definition; whether Defendants have market power; whether Defendants' alleged actions have restrained trade or tended to destroy competition in the relevant market; whether Plaintiffs' proposed class definitions meet the requirements of Federal Rule of Civil Procedure 23, and statute of limitations issues. Defendants do not believe that it is necessary or appropriate to set an expert discovery schedule at this stage and, as set out above, Plaintiffs disagree.

**(7) <u>Dispositive Motions</u>.**

Plaintiffs propose that that Daubert and dispositive motions, other than Plaintiffs' pending motion for summary judgment, be filed no later than November 19, 2022.

Defendants do not believe that it is necessary or appropriate to set a schedule for further dispositive motions at this time. However, Defendants propose filing updated motions to dismiss and compel arbitration, reflecting updated citations to controlling Seventh Circuit authority, no later than October 29, 2021.

If this case even proceeds beyond the motion to dismiss phase, Defendants propose that the Court set a deadline for dispositive motions on Defendants' statute of limitations defense, following bifurcated discovery on that issue. Defendants further propose that the Court then set a further deadline for dispositive motions on all remaining issues, if necessary.

**(8) <u>Tentative Trial Date</u>.**

Plaintiffs propose a tentative trial date in March 1, 2023 for this matter, subject to the Court's availability.

Defendants do not believe that it is necessary or appropriate to set a trial date at this time.

## IV. <u>Conference and Motion Scheduling</u>

Plaintiffs seek a scheduling conference at the Court's earliest convenience.

Defendants propose that the Court schedule a status conference one week following its resolution of Defendants' motions to dismiss and compel arbitration.

Plaintiffs propose the filing of their choice of law memorandum re: pending summary judgment motion on October 29, 2021.

Should the Court wish for the parties to update their briefs on the pending motions to stay, dismiss, and compel arbitration with controlling Seventh Circuit precedent, Defendants propose the following briefing scheduling:

- Defendants' motions to stay, dismiss, and compel arbitration due: October 29, 2021

- Plaintiffs' responses to Defendants' motions due: December 3, 2021

- Defendants' replies due: December 17, 2021

If the Court grants Plaintiffs' request to file a brief on the choice of law applicable to Plaintiffs' motion for summary judgment, Defendants request 30 days to file their brief in opposition, and 15 days to file a sur-reply.

Dated: October 1, 2021

/s/ *Craig C. Martin*

One of the Attorneys for Defendants
Craig C. Martin
Matt D. Basil
Sara Tonnies Horton
Aaron J. Hersh
WILLKIE FARR & GALLAGHER LLP
300 N. LaSalle Dr.
Chicago, IL 60654
Tel: 312-728-9000
cmartin@willkie.com
mbasil@willkie.com
shorton@willkie.com
ahersh@willkie.com

Matthew Stephen Freimuth (*pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: 212-728-8538
mfreimuth@willkie.com

*Attorneys for Defendants Scientific Games
Corporation, Bally Technologies, Inc., and SG
Gaming, Inc.*

Dated October 1, 2021

Shannon M. McNulty
Clifford Law Offices, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, IL 60602
Tel: 312-899-9090
smm@cliffordlaw.com

**Lynch Law Practice, PLLC**
Michael F. Lynch
(*Admitted Pro Hac Vice*)
3613 S. Eastern Ave.
Las Vegas, Nevada 89169
Telephone: (702) 684-6000
Fax: (702) 543-3279
Michael@LynchLawPractice.com

/s/ *R. Stephen Berry*

**Berry Law PLLC**
(*Admitted Pro Hac Vice*)
1100 Connecticut Avenue, N.W. Suite 645
Washington, D.C. 20006
Telephone: (202) 296-1212
sberry@berrylawpllc.com

**Schneider Wallace Cottrell Konecky LLP**
Jason H. Kim
(*Admitted Pro Hac Vice*)
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
jkim@schneiderwallace.com

**Fletcher Law, PLLC**
Zeke Fletcher
333 Albert Avenue, Suite 631
Lansing, MI 48823
Telephone: (517) 755-0776
Fax: (517) 913-6008
zfletcher@fletcherlawpllc.com

**Galanda Broadman PLLC**
Gabriel S. Galanda
Anthony S. Broadman
8603 35th Ave. NE Suite L1
Seattle, WA 98115
Telephone: (206) 557-7509
Fax: (206) 299-7690
gabe@galandabroadman.com
anthony@galandabroadman.com

*Counsel for Plaintiffs Tonkawa Tribe of Indians of Oklahoma d/b/a Tonkawa Enterprises; Cow Creek Band of Umpqua Tribe of Indians; and Umpqua Indian Development Corporation*

## Certificate of Service

I hereby certify that the foregoing was served on counsel of record via this Court's CM/ECF system this October 1, 2021.

By: *<u>/s/ R. Stephen Berry</u>*
     R. Stephen Berry